## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| LANCE ARNOLD KINGBIRD, | Case No. 19-CV-2760 (NEB/LIB) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| VICKI JANSSEN, | |
| Respondent. | |

---

Petitioner Lance Arnold Kingbird filed a Petition under 28 U.S.C. § 2254 for a writ of habeas corpus. (ECF No. 1 ("Pet.").) In a Report and Recommendation dated July 27, 2020, United States Magistrate Judge Leo I. Brisbois recommends denying Kingbird's Petition, dismissing the action with prejudice, and not issuing a certificate of appealability. (ECF No. 12 ("R&R").) Kingbird filed objections to the R&R and Respondent Vicki Janssen filed a response. (ECF Nos. 16 ("Pet'r's Obj."), 17.)

### BACKGROUND

The R&R and the Minnesota Court of Appeals opinion comprehensively explain the relevant factual and procedural history of the case. (R&R at 1–5); *State v. Kingbird*, No. A15-2001, 2018 WL 1997342, at *1–*2 (Minn. Ct. App. Apr. 30, 2018). The Court repeats some of these facts as necessary for its analysis.

1

## I.      The Charged Conduct

The State of Minnesota charged Kingbird with three counts of first-degree criminal sexual conduct related to allegations that he sexually assaulted his 11-year-old daughter, A.L., on three occasions in October 2014. *Kingbird*, 2018 WL 1997342, at *1. A.L.'s mother discovered the abuse and contacted law enforcement. *Id.* A.L. then gave a videotaped statement at the Family Advocacy Center of Northern Minnesota, describing three incidents of sexual assault by Kingbird. *Id.*

In that statement,[1] A.L. stated that Kingbird had penetrated her on three occasions. *Id.* The first occurred while the two were out in the woods for driving lessons. *Id.* The second and third occasions occurred in Kingbird's home.

## II.     Trial

At trial, A.L. testified similarly to the videotaped statement, although her statement was less detailed. *Id.* Kingbird cross-examined A.L. about the differences between her testimony and the recorded statement. *Id.* In his defense, Kingbird called two witnesses. *Id.* at *2. One witness worked near where the first assault occurred and testified that he regularly saw Kingbird there. *Id.* The second witness, who supervised Kingbird at his job as a shuttle bus driver, testified that Kingbird was working on some

---

[1] At trial, the state district court redacted certain portions of the video that were inconsistent with A.L.'s trial testimony. *Kingbird*, 2018 WL 1997342, at *1.

2

of the dates the assaults occurred, but that she did not observe him at work and could not confirm his location. *Id.* at *2. The jury found Kingbird guilty on all counts. *Id.*

### III.    State Post-Conviction Proceedings

Kingbird appealed but asked to stay the appeal pending postconviction relief. *Id.* In the postconviction proceeding, Kingbird claimed that trial counsel was ineffective by failing to call certain witnesses and present certain evidence in his defense. *Id.* Kingbird's evidence in support of these claims was his own testimony as to what those witnesses would have said and what the evidence would have shown. *Id.* Kingbird's trial counsel testified, but declined to disclose confidential information, and Kingbird presented no evidence to corroborate his testimony. *Id.* The state court denied Kingbird's petition. *Id.*

Before the Minnesota Court of Appeals, Kingbird's counsel raised the issue of whether Kingbird received ineffective assistance of counsel due to a failure to call the witnesses and present the evidence Kingbird sought.[2] *Id.* at *4. The witnesses Kingbird sought to call were C.L. (A.L.'s mother), D.W. (a neighbor), and J.F. (Kingbird's cousin's girlfriend). *Id.* Kingbird sought to call C.L. because of her alleged motive against him (the two were fighting), influence over A.L., and connection to reporting the crime. *Id.* at *1, *4. Kingbird sought to call D.W. because, according to Kingbird, D.W. would have testified that she heard A.L. say she "wasn't going to do that to her dad," supporting

---

[2] Kingbird also raised the issue of whether the district court erred by admitting A.L.'s videotaped statement. (R&R at 3.) Kingbird does not raise this issue here and the Court does not consider it further.

Kingbird's theory that C.L. manipulated A.L. into lying about the assaults. *Id.* Finally, Kingbird sought to call J.F. because J.F. allegedly received a message from A.L. stating that A.L. was sorry her mother had made her lie; Kingbird admitted that he had never seen this message, and had only heard about it from J.F. *Id.*

Kingbird also argued that trial counsel should have introduced evidence that A.L. had tested positive for a sexually transmitted infection ("STI") prior to trial and that Kingbird had tested negative, even though the district court had ruled the evidence of A.L.'s test inadmissible under Rule 412(1) of the Minnesota Rules of Evidence— colloquially known as the "rape shield" rule. *Id.* at *5. Kingbird's final claim was that trial counsel should have introduced evidence as to his fertility status vis-à-vis a sample collected from A.L. *Id.*

The Minnesota Court of Appeals rejected Kingbird's ineffective assistance of counsel argument, concluding that there was no evidentiary support for Kingbird's claim. *Id.* at *4–*5. The court further held that even if Kingbird had provided the requisite evidentiary support, calling witnesses and presenting evidence were matters of trial strategy that the court could not review. *Id.* at *4–*6.

Kingbird also filed a *pro se* brief raising six other issues.[3] (ECF No. 11-2); *Kingbird*, 2018 WL 1997342, at *6. The Minnesota Court of Appeals addressed those issues and

---

[3] Those issues were as follows: (1) denial of the constitutional right to present evidence in his defense; (2) failure to require the prosecution to comply with Minnesota Rule of Criminal Procedure 9.01; (3) violation of due process and confrontation rights related to

concluded that most of Kingbird's arguments were attempts to "recast his ineffective-assistance-of-counsel claim as erroneous district court rulings and discovery violations by the state." *Id.* After reviewing the record, the court rejected Kingbird's claims, concluding that none of them merited relief and that many of his claims either lacked support in the record or were completely inaccurate. *Id.*

Following the appellate decision, Kingbird sought discretionary review with the Minnesota Supreme Court. (R&R at 5.) Kingbird claimed numerous errors in that petition, including: (1) ineffective assistance of trial counsel; (2) denial of right to present evidence in support of his defense; (3) violations of Rule 9.01 of the Minnesota Rules of Criminal Procedure; (4) violation of due process and confrontation rights related to evidence of A.L.'s prior sexual behavior; (5) error in the district court's refusal to permit Kingbird to present certain witnesses; (6) error in the district court's failure to permit him to make certain statements in closing. (*Id.* at 5–6.) Kingbird argued that the cumulative effect of these errors deprived him of a right to a fair trial. (*Id.*) Kingbird's petition for review did not present specific arguments. Instead, it stated generically that he sought "review of his important constitutional claims raised pro se." (ECF No. 11-2 at 57–62.)

---

an inability to cross-examine A.L. about inconsistent statements; (4) violation of the right to present a defense by refusing to permit him to present evidence of A.L.'s prior false allegations of sexual abuse and motive to falsify her allegations; (5) violation of the right to present a defense and to counsel by barring counsel from discussing evidence of A.L.'s prior inconsistent statements about prior sexual abuse; and (6) whether the cumulative effect of the errors deprived him of his right to a fair trial. (ECF No. 11-2.)

The Minnesota Supreme Court denied further review. (R&R at 6.)

**IV.    § 2254 Petition**

Kingbird timely filed for writ of habeas corpus under 28 U.S.C. § 2254. (Pet.) Kingbird raised three grounds for relief: (1) ineffective assistance of trial counsel—specifically related to trial counsel's failure to call witnesses, introduce evidence of A.L.'s STI, and introduce evidence of A.L.'s alleged prior false allegations of sexual assault ("Ground One"); (2) violation of his due process rights because he was precluded from presenting evidence of A.L.'s alleged prior false sexual allegations, as well as A.L.'s STI test result; ("Ground Two"); and (3) violation of his Fifth, Sixth, and Fourteenth Amendment rights under *Brady v. Maryland,* 373 U.S. 83 (1963), because the district court failed to compel the prosecution to turn over exculpatory evidence related to A.L.'s prior false accusations of sexual assault ("Ground Three"). (*Id.* at 4–5, 6, 8.)

In the R&R, Judge Brisbois concluded that Kingbird had procedurally defaulted Grounds Two and Three, as well as his Ground One claims related to the introduction of evidence, because Kingbird failed to exhaust those claims in state court. (*Id.* at 10–22.) Judge Brisbois then addressed the merits of Kingbird's one remaining claim—trial counsel's failure to call the three witnesses—and determined that Kingbird failed to show ineffective assistance of trial counsel. (*Id.* at 22–26.)

Judge Brisbois recommends that the Court deny Kingbird's Petition, dismiss the action with prejudice, and not issue a certificate of appealability. (*Id.* at 27.) Kingbird

timely filed objections to the R&R, objecting to Judge Brisbois's conclusions and asserting that: (1) he did not procedurally default any of his claims; (2) the Court should grant him relief on his failure to call witnesses claim; and (3) even if he did fail to exhaust his claims, the Court should review them on the merits regardless. (Pet'r's Obj. at 1–13.) Janssen responded, requesting that the Court adopt the R&R in full. (ECF No. 17 at 1.)

The Court conducts a *de novo* review of the positions of the R&R to which Kingbird objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). For the reasons that follow, the Court overrules Kingbird's objections and accepts the R&R to the extent set forth below.

## ANALYSIS

The Court can grant Kingbird relief only if he demonstrates that the state court's decision denying his claim on that ground either: (1) was contrary to clearly established federal law or unreasonably applied such law; or (2) due to an unreasonable determination of the facts of the case. 28 U.S.C. § 2254(d). In reviewing a state court's decision, the Court presumes that the state court's factual determinations are correct unless the petitioner rebuts this presumption with "clear and convincing evidence." *Lee v. Gammon*, 222 F.3d 441, 442 (8th Cir. 2000).

### I.   Procedurally Defaulted Claims

*Exhaustion and Procedural Bar.* A petitioner under Section 2254 must first exhaust his or her state court remedies prior to seeking relief from a federal court, giving the state

court the opportunity to consider and correct alleged violations of federal rights. 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In order to exhaust, the petitioner must "'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). To "fairly present" a claim, the petitioner must refer to "a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005). A petitioner cannot present a claim that is merely "similar" to the federal habeas claim—it must be specifically federal in nature. *Id.* To "fairly present" the claim, the petitioner must do so in a way that the state court need not "read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin*, 541 U.S. at 32. In addition to the requirement that a petitioner specifically present federal claims to the state courts, the petitioner must present both the factual and legal bases of the claims. *Dansby v. Hobbs*, 766 F.3d 809, 823 (8th Cir. 2014).

If a court concludes that the petitioner did not fairly present the claims in the petition to the state courts, it must then determine whether the claim is merely unexhausted or procedurally defaulted. *Foster v. Fabian*, No. 07-CV-4317 (JRT/JJG), 2009 WL 921063, at *3 (D. Minn. Mar. 31, 2009). Claims are unexhausted if the petitioner did

not fairly present them in "one complete round of the state's established appellate review process," but the petitioner can still raise the claim under state law. 28 U.S.C. § 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner procedurally defaults a claim where he or she fails to exhaust it in state court and the state courts will no longer review it based on an independent and adequate state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If the claim is defaulted, a federal court may review it only if the petitioner can show both cause for the default and actual prejudice resulting from the alleged violation, or show that failure to consider the claims will result in "a fundamental miscarriage of justice." *Id.*

In Minnesota, if an issue has or could have been litigated on direct appeal, it may not be litigated in a second, collateral appeal. *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976) ("[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief."). Therefore, any claims Kingbird makes in his Petition that could have been, but were not, brought before both the Minnesota Court of Appeals and the Minnesota Supreme Court are procedurally defaulted.[4]

To establish cause for default, a petitioner generally must "show that some objective factor external to the defense impeded counsel's efforts to comply with the

---

[4] There are two exceptions to the *Knaffla* rule: where novel legal issues are presented or where the interests of justice require review. *Schleicher v. State*, 718 N.W.2d 440, 447 (Minn. 2006). Neither is applicable here.

State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must demonstrate that "the errors of which he complains worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999) (quotation and emphasis omitted). In order to establish a fundamental miscarriage of justice, a petitioner must show that, based on new evidence, there has been a constitutional violation that has "probably resulted in the conviction" of someone "who is actually innocent." *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995). If neither exception applies, however, the habeas court cannot excuse the default and should deny the petition without reaching the merits. *Kindred v. Titus*, No. 17-CV-620 (SRN/HB), 2017 WL 6987990, at *3 (D. Minn. Dec. 27, 2017).

A.    **Ground One: Ineffective Assistance of Counsel, Claims Two and Three.**

Kingbird's second and third claims of ineffective assistance of counsel relate to a failure on trial counsel's part to present certain evidence at trial; first, evidence of A.L.'s alleged STI and Kingbird's lack thereof; and second, evidence of A.L.'s prior false allegations of sexual assault. (Pet. at 4–5.) There is no dispute that Kingbird presented these claims to the Minnesota Court of Appeals. *State v. Kingbird*, 2018 WL 1997342, at *5–*6; (R&R at 13). But he failed to "fairly present" those claims to the Minnesota Supreme Court in his petition for review. (*See* ECF No. 11-2 at 57–62 (Kingbird's petition for review,

claiming ineffective assistance of counsel generally, and referring to a failure to call witnesses, but not referencing a failure to present evidence).)

As noted above, if a state court must read beyond a brief or similar document to find the presence of a federal claim in the case, the petitioner has not "fairly presented" the claim. *Baldwin*, 541 U.S. at 32; *Latimer v. Smith*, 351 F. Supp. 3d 1218, 1224 (D. Minn. 2018) (finding that Section 2254 claims were procedurally defaulted when the petitioner only raised them to the Minnesota Supreme Court by attaching a copy of the opinion of the Minnesota Court of Appeals). Kingbird's petition for review failed to indicate that he was raising a federal ineffective assistance of counsel claim related to A.L.'s STI status and her alleged false sexual assault allegations. (ECF No. 11-2 at 57–62.) And since Kingbird can no longer raise these claims before state courts, Judge Brisbois concluded that he had procedurally defaulted them. (R&R at 14); *Knaffla*, 243 N.W.2d at 741.

Kingbird argues that addressing this issue was error because procedural default is an affirmative defense and it was not raised by Janssen. (Pet'r's Obj. at 3.) A defense that is not raised is waived. *Robinson v. Crist*, 278 F.3d 862, 865 (8th Cir. 2002) ("[W]e agree with the district court that because the state failed to advance a procedural default argument, such argument is waived"); *see Jones v. Norman*, 633 F.3d 661, 666 (8th Cir. 2011) (holding that addressing a claim on the merits and not arguing that it was procedurally defaulted constituted a waiver of the defense of procedural default). Janssen does not specifically respond to this argument. She raised the defense of exhaustion in her

response to Kingbird's Petition, but only as to Grounds Two and Three, not to Ground One. (ECF No. 9 at 2–3; ECF No. 9-2 at 13–15.) Accordingly, after considering Grounds Two and Three, the Court will examine the merits of Kingbird's ineffective assistance of counsel claims in Ground One.[5]

**B.**     *Ground Two: Due Process Right to Present a Defense.*

Judge Brisbois concluded that Kingbird failed to raise Ground Two in his petition for review because he had merely stated, without elaboration, that he "was denied his Constitutional right to Present Evidence in Support of his defense" and that the trial court "violated [his] due process rights and right to confront and cross examine witnesses regarding victim's prior sexual behavior." (R&R at 17; Pet at 6.) Judge Brisbois is correct: Kingbird's petition for review did not identify specific trial court rulings to which he objects, nor did it identify particular evidence. (ECF No. 11-2 at 57–62.) The Petition also failed to present the legal bases for his claims, merely arguing a general "constitutional" violation, which is insufficient. (R&R at 17–19); *Cox*, 398 F.3d at 1031. Because Kingbird

---

[5] The Court notes that Kingbird arguably did not "fairly present" his ineffective assistance of counsel claims in his petition for review. (R&R at 22 n.5.) Although the Court ordinarily should resolve the procedural bar issue first, Janssen did not raise the defense in relation to any of Kingbird's ineffective assistance of counsel claims, and as each of Kingbird's claims are easily resolvable, the Court proceeds to the merits. *Barret v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) ("Although the procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated.").

failed to "fairly present" his due process claim to the Minnesota Supreme Court, he has procedurally defaulted it under *Knaffla*.[6]

Kingbird has failed to identify a cause for this default (ECF Nos. 1, 11), so the Court need not consider whether he has suffered prejudice as a result. *Coleman*, 501 U.S. at 753; *Kindred*, 2017 WL 6987990, at *3. Kingbird has also failed to demonstrate that a "fundamental miscarriage of justice" would result from the Court not excusing the procedural default because he has not brought forth "reliable new evidence" that provides clear and convincing proof that he is actually innocent. *Brownlow*, 66 F.3d at 999; *Kindred*, 2017 WL 6987990, at *3. Therefore, Kingbird has defaulted Ground Two.[7]

**C.**    ***Ground Three: Due Process Rights under* Brady v. Maryland.**

Judge Brisbois concluded that Kingbird also procedurally defaulted Ground Three because he failed to present the issue in his petition for review to the Minnesota Supreme Court. (R&R at 20–22.) There, he asserted that the trial court erred by failing to require the prosecutor to comply with Rule 9.01 of the Minnesota Rules of Criminal Procedure.

---

[6] Kingbird contends that this application is "hypertechnical," emphasizing that Janssen did not raise the defense. (*Id.*) But Janssen did argue that Kingbird defaulted Ground Two, and therefore Judge Brisbois properly considered the defense. (ECF No. 9 at 2–3; ECF No. 9-2 at 13–15.)

[7] As the R&R recognized, even if Kingbird had not procedurally defaulted Ground Two, it would fail on the merits. (R&R at 19 n.4.) Judge Brisbois correctly noted that Kingbird failed to identify a specific trial court ruling that allegedly denied him the right to present evidence or cross-examine witnesses. (*Id.*) As such, the Court cannot determine that the Minnesota Court of Appeals applied the law contrary to, or unreasonably in light of, controlling federal precedent. (*Id.*); 28 U.S.C. § 2254(d); *Kingbird*, 2018 WL 1997342, at *6.

(ECF No. 11-2 at 58); *see* Minn. R. Crim. P. 9.01, subd. 1(6) (requiring a prosecutor to disclose exculpatory information). As discussed above, the mention of a *similar* claim to one made in a federal habeas petition is not enough to "fairly present" the claim. *Cox*, 398 F.3d at 1031. Kingbird did not mention a federal issue in his petition for review, nor did he cite *Brady v. Maryland*, 373 U.S. 83, or any other case law that would have alerted the Minnesota Supreme Court to the federal nature of his claim. (ECF No. 11-2 at 57–62.) Additionally, Kingbird did not assert that the prosecution actually failed to turn over exculpatory evidence, nor did he provide a factual basis for his assertion that the district court failed to force the prosecution to comply with Rule 9.01. (*Id.*)

Accordingly, Kingbird failed to "fairly present" his *Brady* claim to the Minnesota Supreme Court and, as he cannot now raise the claim before the state courts, *Knaffla*, 243 N.W.2d at 741, he has procedurally defaulted it. Kingbird's arguments as to Judge Brisbois's "hypertechnical" application of the procedural bar fail for the same reasons discussed above. And, again, Kingbird fails to identify cause for this default, or show that a fundamental miscarriage of justice will result from the Court declining to review his claim. *Coleman*, 501 U.S. at 750; *Brownlow*, 66 F.3d at 999; *Kindred*, 2017 WL 6987990, at *3.

## II.     Ground One Merits

Having concluded that Kingbird has procedurally defaulted Grounds Two and Three of his Petition, the Court now turns to the merits of Ground One. Kingbird advances three separate claims of ineffective assistance of counsel in Ground One: (1) a

failure to call witnesses; (2) a failure to present evidence that A.L. tested positive for an STI for which Kingbird tested negative; and (3) failure to present evidence of A.L.'s prior false allegations of sexual assault. (Pet. at 4–5.)

*Ineffective Assistance of Counsel Standard*. The Sixth Amendment, through the Fourteenth Amendment, provides that a criminal defendant shall have the right to effective counsel. *Missouri v. Frye*, 566 U.S. 134, 138 (2012). To show that counsel was ineffective, a petitioner must show both that: (1) his or her counsel's performance "was deficient, or that it 'fell below an objective standard of reasonableness;'" and (2) "'the deficient performance prejudiced the defense.'" *Bahtuoh v. Smith*, 855 F.3d 868, 871 (8th Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). If a petitioner fails to establish either prong, the claim fails. *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011).

*Strickland* instructs courts to apply a deferential standard of review to such claims; courts must "apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Bahtuoh*, 855 F.3d at 872 (quoting *Harrington v. Richter*, 562 U.S. 86, 104 (2011)). *Strickland*'s prejudice prong is met only where there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Taylor v. Kelley*, 825 F.3d 466, 470 (8th Cir. 2016). To show a reasonable probability of a different outcome, a petitioner cannot merely show that "the errors had some conceivable effect on the outcome of the

proceeding," but must show that there is a "probability sufficient to undermine confidence in the outcome." *Id.*

As noted above, a federal court may only grant relief under Section 2254(d) if the state court either applies law contrary to governing precedent or unreasonably applies that governing precedent. 28 U.S.C. § 2254(d). The Minnesota Court of Appeals applied *Strickland*, the correct standard, so the only issue is whether that application was unreasonable. *Kingbird*, 2018 WL 1997342, at *4–*5. It is not enough that the state court's decision be incorrect or erroneous, it "must be objectively unreasonable. A decision is not objectively unreasonable if fairminded jurists could disagree as to its correctness." *Bahtuoh*, 855 F.3d at 871 (internal quotations and citations omitted).

A.    *Claim One: Failure to Call Witnesses*

Kingbird claims that his trial counsel was ineffective because Kingbird wanted to call three specific witnesses to support his theory that A.L. and her mother had fabricated the allegations, and trial counsel failed to do so. (Pet. at 4.) Specifically, Kingbird sought to call: (1) C.L., A.L's mother; (2) D.W., Kingbird's neighbor who Kingbird contends overheard A.L. and C.L. say that they were mad at him because he was having an affair; and (3) J.F., who Kingbird claims received a message from A.L. that she had been pressured to fabricate the allegations. (*Id.*)

Kingbird asserts that his trial counsel unreasonably failed to investigate the three witnesses he sought to call. (ECF No. 11 at 17–20.) Although counsel has a duty to

reasonably investigate or to make a reasonable decision that investigation is unnecessary, *Strickland*, 466 U.S. at 691, that duty does not compel defense counsel to go on a wild goose chase—"reasonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste." *Forrest v. Steele*, 764 F.3d 848, 859 (8th Cir. 2014). When a petitioner claims ineffective assistance of counsel, the Court must review counsel's decisions not to investigate for reasonableness in all circumstances, "applying a heavy measure of deference" to counsel's judgments. *Strickland*, 466 U.S. at 691. If counsel has "adequately investigated" facts and law that are relevant to plausible defense options, counsel's decision not to call a witness is "presumed to be reasonable trial strategy," which is unreviewable. *Lemaster v. Kelley*, 750 F. App'x 499, 501–02 (8th Cir. 2018); *see Jackson v. United States*, 956 F.3d 1001, 1007 (8th Cir. 2020) ("[W]e consistently have affirmed that a defense counsel's decision not to call a witness is a virtually unchallengeable decision of trial strategy.").

Kingbird asserts that Judge Brisbois's conclusion that trial counsel's challenged actions are unreviewable trial strategy is contrary to clearly established law because courts are not supposed to invent strategy on trial counsel's behalf. (Pet. Obj. at 4.) Because Kingbird's trial counsel declined to testify as to trial strategy, the state courts allegedly had to invent a trial strategy for Kingbird's counsel. (*Id.* at 4–5.) Kingbird claims that, in a case where the defense strategy boiled down to a claim that A.L. was lying,

failing to call witnesses whose testimony would have supported this theory is not a reasonable trial strategy. (*Id.* at 5–6.)

Kingbird, however, has not brought forth evidence that shows that his counsel failed to investigate the facts of the case, his claims, or the legal issues in the case. With no evidence of such a failure, Kingbird has not met his burden, and the Court presumes that trial counsel's decision to call or not call a specific witness is trial strategy, which the Court cannot review. *Jackson*, 956 F.3d at 1007; *Lemaster*, 750 F. App'x at 501–02.

And even if Kingbird could show that counsel's performance fell below an objectively reasonable standard, he cannot show a "reasonable probability that the result would have been different." *Taylor*, 825 F.3d at 470. The contents of the alleged testimony that the witnesses would have given is based solely upon Kingbird's own testimony—there were no affidavits from the witnesses, nor did they testify. *Kingbird*, 2018 WL 1997342, at *4–*5. There was, in short, absolutely no evidence provided, other than Kingbird's own testimony, as to what these witnesses would have said. Uncorroborated testimony is not enough to "undermine confidence in the outcome" of Kingbird's trial. *Taylor*, 825 F.3d at 470.

The Minnesota Court of Appeals did not apply the *Strickland* standard unreasonably and the Court may not grant relief under 28 U.S.C. § 2254(d).

**B.     *Claim Two: STI Evidence.***

Kingbird's second ineffective assistance of counsel claim is that trial counsel failed to introduce evidence of the fact that A.L. had tested positive for an STI (and that he tested negative). (Pet. at 4–5.) Although Judge Brisbois did not reach the merits of this claim, it, too, fails because the decision whether to present evidence is an unreviewable strategic decision. Kingbird has brought forth no evidence that trial counsel was unprepared for trial and the Court therefore affords trial counsel a "strong presumption" that actions at trial were "sound trial strategy." *Lemaster*, 750 F. App'x at 501. Additionally, the Minnesota Court of Appeals recognized that there was a dispute over whether the evidence was even admissible under Minnesota's rape shield law, and determined that it could not "conclude that counsels' decision not to offer the evidence was unreasonable." *Kingbird*, 2018 WL 1997342, at *5; *cf. State v. Asfeld*, 662 N.W.2d 534, 546 (Minn. 2003) (rejecting ineffective-assistance-of-counsel claim where counsel did not object to properly admitted evidence). Further, Kingbird has not shown that he was prejudiced in any way by counsel's alleged failure to bring forth this evidence.

In these circumstances, the Court cannot say that the Minnesota Court of Appeals unreasonably applied the *Strickland* standard, and the Court cannot grant relief under 28 U.S.C. § 2254(d).

**C.**      *Claim Three: Prior False Allegations of Sexual Assault.*

Kingbird's final ineffective assistance of counsel claim asserts that trial counsel was deficient by failing to introduce evidence that A.L. had, prior to her allegations against Kingbird, twice made false allegations of sexual assault. (Pet. at 4–5.) Although, again, Judge Brisbois did not reach the merits of this claim, it fails as an unreviewable strategic decision as well. The Court affords trial counsel the "strong presumption" of soundly conducting Kingbird's defense. *Lemaster*, 750 F. App'x at 501. Kingbird has brought forth no evidence, other than bare, conclusory allegations, that trial counsel failed to investigate these allegations, or that any failure to investigate, if indeed it happened, prejudiced him. The record, in fact, belies Kingbird's conclusion—trial counsel did, in fact, attempt to investigate Kingbird's claims that A.L. had made prior allegations of sexual assault. (*See* ECF No. 9-3 at 3:8–9:15, 15:5–19:15, 28:15–29:19, 33:6–16 (Kingbird's trial counsel discussing, at various pretrial hearings, efforts to investigate A.L.'s prior claims).) Kingbird presented this issue to the Minnesota Court of Appeals and that court rejected it. (ECF No. 11-2 at 20–23); *Kingbird*, 2018 WL 1997342, at *6.

Kingbird's trial counsel investigated these allegations and the Court cannot say that a failure to bring any evidence discovered on this issue forward was unreasonable, nor that the Minnesota Court of Appeals applied *Strickland* in an unreasonable manner. Accordingly, the Court cannot grant relief under 28 U.S.C. § 2254(d).

### III.     Certificate of Appealability

The final issue the Court must confront is whether to issue a certificate of appealability for Kingbird's Section 2254 Petition. A petitioner seeking relief under Section 2254 cannot appeal an adverse ruling absent issuance of a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Court may issue a certificate of appealability only if the petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds it unlikely that any other court would decide Kingbird's claims differently than it has. Kingbird has not brought forth, and the Court cannot see, any claims that raise novel, noteworthy, or worrisome issues warranting further appellate review. The Court therefore denies the issuance of a certificate of appealability.

The parties do not object to any other aspect of the R&R. When no objection has been made, the Court determines whether the recommendations are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Having reviewed those portions of the R&R to which the parties have not objected, the Court finds no clear error.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS

HEREBY ORDERED THAT:

1.    The Report and Recommendation (ECF No. 12) is ACCEPTED IN PART as

       consistent with this opinion;

2.    The Petition under 28 U.S.C. § 2254 for Writ of Habeas (ECF No. 1) is DENIED;

3.    No certificate of appealability issues.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 30, 2020                          BY THE COURT:

                                                  s/Nancy E. Brasel
                                                  Nancy E. Brasel
                                                  United States District Judge